# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN C. MOORE, III
    Plaintiff,

vs.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:16-cv-655

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Ohio State Penitentiary in Youngstown, Ohio, has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging a violation of his constitutional rights when he was incarcerated at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

1

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 prisoner civil rights action against the following named defendants: Donald Morgan, SOCF's former Warden; Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction (ODRC); Keith Fellure and Sgt. Michael Maughmer of the Ohio State Highway Patrol (OSHP); Anthony Cadogan, SOCF's Deputy Warden; Charles Miller, a SOCF "investigator"; Linnea Mahlman, SOCF's "Inspector"; SOCF "supervisors" Lt. Brad Dyer and Sgt. Preston Messer; SOCF correctional officers Luke Van Sickle and Matt Patrick; Joe Hale, a Scioto County assistant prosecutor; Antonio Lee, ODRC's Assistant Chief Inspector; six "John Doe" SOCF correctional officers; one "John Doe" SOCF "supervisor"; ODRC; and OSHP. (*See* Doc. 1, Complaint, pp. 1-2, 5, at PAGEID#: 14-15, 18). In the complaint, plaintiff brings claims stemming from events that occurred at SOCF in April 2014. (*See id.*, pp. 6-26, at PAGEID#: 19-26).

Specifically, plaintiff alleges that on April 10, 2014, defendants Dyer, Messer, Patrick, Van Sickle "and others" tried to break plaintiff's left ankle and left wrist when cuffing plaintiff.

3

(*Id.*, p. 6, at PAGEID#: 19). Plaintiff further alleges that when he was being escorted to "segregation," a supervisor and other "escorts" beat him. (*Id.*). Plaintiff claims that when he arrived at "segregation," he was stripped of his clothing and examined by a nurse, who failed to document his "swollen ankle and a knot on the back of [his] head." (*Id.*, pp. 6-7, at PAGEID#: 19-20).

In addition, plaintiff alleges that from April 10 through April 17, 2014, while he was confined in a segregation cell, he was denied food, bedding, hygiene products, writing utensils, clothing and medications for his Type 2 diabetes, high blood pressure, high cholesterol and fibromyalgia. (*Id.*, p. 7, at PAGEID#: 20). He also alleges that because the water was turned off in his cell, he had no water to drink and was unable to flush the toilet. (*Id.*). Plaintiff specifically complains about an incident that resulted in a "ticket," which stemmed from his refusal to "give back . . . meds" he was unable to swallow without water also being provided. (*Id.*, pp. 7-8, at PAGEID#: 20-21). Plaintiff claims that he informed defendants Morgan and Cadogan that he "could not get water to drink [] or flush the toilet" and was being denied his medications when they made rounds of the segregation unit. (*Id.*, p. 8, at PAGEID#: 21). However, other than moving plaintiff to another cell, "nothing changed." (*Id.*).

Plaintiff further alleges that on April 15, 2014, he informed defendants Fellure and Miller of "all [his] deprivations," but that Fellure refused to investigate those issues. (*Id.*, p. 9, at PAGEID#: 22). Plaintiff claims that on April 10 and 15, 2014, defendant Hale was briefed by Fellure "about possible charges in connection with a suspected assault on staff." (*Id.*, p. 10, at PAGEID#: 23). The materials that Hale received from Fellure included Fellure's videotaped interview with plaintiff, which contained plaintiff's statements that he "was being held in a cell

4

with no water, had not eaten since 4-10-14, had been beaten and still 6 days later wore 2 black eyes and a large bruise on the back of [his] head." (*Id.*). Plaintiff claims neither Hale nor defendant Maughmer, Fellure's "direct supervisor," took any action to investigate plaintiff's complaints or to preserve evidence pertaining to plaintiff's "prison abuse allegations." (*See id.*, pp. 10-11, at PAGEID#: 23-24). Finally, plaintiff claims that although he filed a complaint on May 9, 2014 and a notification of grievance alleging "numerous illegal acts committed by staff at SOCF from 4-10-14 thru 4-17-14," defendant Mahlman, who denied the grievance, and defendant Lee, who handled the grievance appeal, failed to investigate the allegations of abuse or "take the proper action to stop the abuse and punish the offenders." (Id., p. 12, at PAGEID#: 25).

As relief, plaintiff seeks both damages and injunctive relief in the form of an order forbidding the ODRC from placing plaintiff at SOCF or other listed prisons with "close ties" to SOCF. (*Id.*, p. 15, at PAGEID#: 28).

Upon review of the complaint, the undersigned concludes that the following claims are deserving of further development and may proceed at this early stage in the proceedings: (1) plaintiff's claim for damages against the following defendants in their individual capacity based on their alleged use of excessive force against plaintiff on April 10, 2014: defendants Dyer, Messer, Patrick, and Van Sickle, as well the "John Doe" supervisor and any "John Doe" correctional officers who also allegedly participated in the use-of-force incident; and (2) plaintiff's claim for damages against the following defendants in their individual capacity based on their alleged involvement in Eighth Amendment violations that purportedly occurred during plaintiff's confinement in segregation at SOCF from April 10 through 17, 2014:

defendants Morgan and Cadogan, as well as any "John Doe" correctional officers who directly

participated in the alleged violations.[1] *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However,

all other claims and defendants should be dismissed because plaintiff's allegations fail to state

a viable claim under § 1983, which requires a showing of a deprivation by a state actor of "a

right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*,

330 F.3d 849, 852 (6th Cir. 2003).

First, the ODRC and OSHP should be dismissed as named defendants. It is well-settled

that the state agencies are not "persons" or legal entities that may be sued under § 1983. *See,*

*e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr.

12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein)

(holding that claims against a state prison and the ODRC should be dismissed at the screening

stage because "neither the state prison facility nor the state corrections department is an entity

capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013)

(Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006)

(and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir.

2002). *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-64, 71 (1989) (affirming the

vacation of judgment against the state police department on the ground that "a State is not a

person" within the meaning of § 1983). Furthermore, to the extent that plaintiff seeks damages

---

[1] It is noted that plaintiff is barred from bringing a suit for damages against any of the "state actor" defendants in their official capacity. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages."). Moreover, to the extent that plaintiff has requested injunctive relief, plaintiff has failed to allege any facts that would suggest that the specific relief requested is warranted.

6

in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state

agency defendants. *McGlone*, *supra*, 2013 WL 1563265, at \*3 (citing *Rodgers*, 29 F. App'x at

260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453,

454 (6th Cir. 2012) (per curiam). *Cf. Davis v. Maughmer*, No. C2-00-1415, 2002 WL 484853, at

\*3 (S.D. Ohio Mar. 5, 2002) (holding that "any claims against the Ohio State Highway Patrol are

claims against the State of Ohio, which is entitled to sovereign immunity under the Eleventh

Amendment").

      Second, plaintiff has failed to state a claim upon which relief may be granted against

defendant Mohr. To the extent that plaintiff contends Mohr is liable in his supervisory role as

the ODRC's Director, plaintiff has failed to state a cognizable claim under § 1983. The

doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto

supervisory personnel. *Wingo,* 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson*, 454 U.S.

312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the

supervisors were somehow personally involved in the unconstitutional activity of a

subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate."

*Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d

416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010)

(quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against

supervisory state prison officials, the plaintiff must show the officials "at least implicitly

authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending

officers"). The complaint is devoid of any factual allegations that would support the inference

that Mohr was personally involved or acquiesced in the misconduct that allegedly occurred at

SOCF in April 2014. Although plaintiff claims Mohr should have acted to prevent, correct or

investigate alleged "abuses" at SOCF, plaintiff still has not stated a viable § 1983 claim absent

allegations of "specific conduct" by Mohr indicating his "direct, active participation in the

alleged misconduct." *See id. Cf. Belcher v. Warden, Southern Ohio Corr. Facility,* No.

1:12cv985, 2013 WL 122154, at *2 (S.D. Ohio Jan. 9, 2013) (Litkovitz, M.J.) (Report &

Recommendation), *adopted*, 2013 WL 684738 (S.D. Ohio Feb. 25, 2013) (Weber, J.).

Similarly, plaintiff's allegations are insufficient to give rise to a cognizable claim under

§ 1983 against defendants Fellure, Miller, Hale, Maughmer, Mahlman and Lee. Plaintiff

essentially claims those defendants, like the ODRC Director, are liable in their supervisory

capacity because they had a duty to investigate, "supervise, deter, [or] stop violations of

[plaintiff's] constitutionally protected rights" after plaintiff informed them of the alleged

misconduct by SOCF prison staff. (*See* Doc. 1, Complaint, p. 13, at PAGEID#: 26). However,

plaintiff has not alleged any facts even remotely suggesting that those individuals actually

participated in the use-of-force incident on April 10, 2014 or the alleged Eighth Amendment

violations that occurred while plaintiff was incarcerated in segregation from April 10 through

17, 2014 at SOCF. Therefore, as with defendant Mohr, plaintiff's allegations, which are based

solely on the failure of the particular defendants to investigate or remedy the alleged

unconstitutional behavior of other prison employees, is simply insufficient to give rise to an

actionable § 1983 claim. *Cf. Chappell v. Morgan,* No. 2:15cv1110, 2016 WL 738098, at *4-5

(S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (citing *Shehee v. Luttrell*, 199 F.3d

295, 300 (6th Cir. 1999); *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)) (holding

that in the absence of any allegation that supervisory prison officials were involved in or

8

encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016); *see also Shehee*, 199 F.3d at 300 (holding that prison officials, such as defendants Lee and Mahlman, whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior,'" cannot be liable under § 1983).

Finally, plaintiff has not stated a viable § 1983 claim to the extent he seeks to challenge the handling of his grievance by defendants Lee and Mahlman. Plaintiff's allegations do not give rise to a plausible claim of federal constitutional dimension because he has no right under the Constitution to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official

9

responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000).

Accordingly, in sum, plaintiff may proceed with the following claims: (1) his claim for damages against the following defendants in their individual capacity based on their alleged use of excessive force against plaintiff on April 10, 2014: defendants Dyer, Messer, Patrick, and Van Sickle, as well the "John Doe" supervisor and any "John Doe" correctional officers who also allegedly participated in the use-of-force incident; and (2) his claim for damages against the following defendants in their individual capacity based on their involvement in alleged Eighth Amendment violations that occurred during plaintiff's confinement in segregation at SOCF from April 10 through 17, 2014: defendants Morgan and Cadogan, as well as any "John Doe" correctional officers who directly participated in the alleged violations. However, it is **RECOMMENDED** that plaintiff's claims against the following defendants be dismissed with prejudice because plaintiff's allegations against those individuals and state agencies fail to state a claim upon which relief may be granted by this Court: ODRC; OSHP; ODRC Director Gary Mohr; Keith Fellure; Sgt. Michael Maughmer; Charles Miller; Linnea Mahlman; Joe Hale; and Antonio Lee.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against the ODRC, OSHP, ODRC Director Gary Mohr, Keith Fellure,

10

Sgt. Michael Maughmer, Charles Miller, Linnea Mahlman, Joe Hale, and Antonio Lee be
dismissed with prejudice.

## IT IS THEREFORE ORDERED THAT:

    1. Plaintiff may proceed with the following causes of action under 42 U.S.C. § 1983: (a)
his claim for damages against the following defendants in their individual capacity based on their
alleged use of excessive force against plaintiff on April 10, 2014: SOCF "supervisors" Lt. Brad
Dyer and Sgt. Preston Messer; SOCF correctional officers Luke Van Sickle and Matt Patrick;
and the "John Doe" supervisor and any "John Doe" correctional officers who also allegedly
participated in the use-of-force incident; and (b) his claim for damages against the following
defendants in their individual capacity based on their involvement in alleged Eighth Amendment
violations that occurred during plaintiff's confinement in segregation at SOCF from April 10
through 17, 2014: defendants Donald Morgan and Anthony Cadogan, as well as any "John Doe"
correctional officers who directly participated in the alleged violations.

    2. The United States Marshal shall serve a copy of the complaint, summons, the separate
Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report
and Recommendation upon defendants Dyer, Messer, Van Sickle, Patrick, Morgan and Cadogan
as directed by plaintiff, with costs of service to be advanced by the United States.

    Plaintiff is advised that before service may be issued upon any of the remaining "John
Doe" defendants, he must file a motion to issue service setting forth the identity of those
defendants. Plaintiff must also provide updated United States Marshal and summons forms for
service on each of the unknown defendants once their identities are discovered. Plaintiff is
therefore **ORDERED** to file a motion to issue service, including updated United States Marshal

11

and summons forms, if and when plaintiff discovers the identity of the remaining "John Doe" defendants through discovery. No service will be issued on those defendants unless plaintiff complies with this Order.

3. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 6/27/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN C. MOORE, III
    Plaintiff,

vs.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:16-cv-655

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc