UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. MOORE,
    Plaintiff,

vs.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:16-cv-655
Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Ohio State Penitentiary in Youngstown, Ohio, who is proceeding pro se and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motion for a telephone conference pursuant to Fed. R. Civ. P. 26 and 37 (Doc. 22) and motion to compel (Doc. 23), and defendants' response in opposition to the motion to compel (Doc. 25).

In his motion to compel, plaintiff alleges that he sent a request for documents and video and audio recordings to defendants and a copy of his request to the Court on October 27, 2016. (Doc. 23). Plaintiff alleges that although more than 30 days have passed, defendants have not complied with his request. Plaintiff seeks an order compelling defendants to fully comply with his discovery requests. Plaintiff has attached as exhibits to his motion to compel a "Motion for Discovery" he filed on October 31, 2016, in which he requested documents and other discovery from defendants (Doc. 20), and documentation showing that he mailed the motion to the Court and the Ohio Attorney General.[1]

Defendants oppose plaintiff's motion to compel. (Doc. 25). Defendants note that

---

[1] The Court denied plaintiff's motion on the ground he was required to serve his discovery requests on defendants, rather than file them with the Court, under Fed. R. Civ. P. 34(a).

plaintiff served his earlier "Motion for Discovery" on defendants' counsel; however, defendants allege the motion was not a proper discovery request and counsel did not construe it as a request for discovery. Defendants assert that their counsel did not receive a discovery request or any other correspondence on discovery matters from plaintiff after the Court ruled on plaintiff's motion for discovery on November 22, 2016. Defendants further assert that plaintiff has not included with his motion to compel a certification or memorandum describing any extrajudicial efforts he made to resolve this discovery dispute. Defendants assert that although plaintiff has not made a formal discovery request or contacted their counsel about discovery, they are in the process of preparing responses and objections to the discovery requests set forth in plaintiff's "Motion for Discovery" and his motion compel, and they intend to send those to plaintiff within 30 days of the date they filed their response to the motion to compel.

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ." Thus, both the Federal Rules of Civil Procedure and the Local Rules of this Court require "counsel to meet and confer to resolve differences as to discovery disputes."

*Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010) (citing Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1).

Plaintiff has not shown that he complied with the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff's motion does not include the necessary certification that he conferred or attempted to confer with defendants' counsel about the instant discovery dispute prior to filing his motion to compel with the Court. Nor does plaintiff assert in his memorandum that he has made extrajudicial efforts to resolve the discovery dispute. Plaintiff served counsel with a copy of the motion for discovery he filed on October 31, 2016, but he does not allege that he attempted to follow up with counsel regarding the discovery matters he outlined in the motion. Had plaintiff done so, he likely would have been able to resolve this discovery dispute without filing a motion. Defendants have represented they are in the process of preparing their responses to plaintiff's discovery requests and intend to submit those to plaintiff within a reasonable time frame. (Doc. 25). Accordingly, the Court will deny plaintiff's motion to compel.

Plaintiff moves for a telephone conference under Fed. R. Civ. P. 26[2] and 37 to resolve discovery and other issues and to maintain the case schedule. Plaintiff alleges he has been unable to resubmit summons forms for the John Doe defendants he named due to defendants' failure to provide discovery.

The discovery deadline in this case does not expire until March 23, 2017, and defendants have represented that they will respond to plaintiff's discovery requests within 30 days of January 9, 2017. *See* Doc. 25 at 4. A conference to resolve discovery issues and insure this

---

[2] This case is exempt from initial disclosures under Rule 26 because plaintiff is a prisoner who is proceedings pro se. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv).

case stays on track is not necessary.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for a telephone conference (Doc. 22) is **DENIED**.

2. Plaintiff's motion to compel (Doc. 23) is **DENIED**.

Date: 1/30/2017

Karen L. Litkovitz
United States Magistrate Judge