UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN C. MOORE,<br>    Plaintiff, | Case No. 1:16-cv-655<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| DONALD MORGAN, et al.,<br>    Defendants. | **ORDER** |

Plaintiff, an inmate at the Ohio State Penitentiary (OSP) in Youngstown, Ohio, who is proceeding pro se and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 alleging a violation of his civil rights during his incarceration at the Southern Ohio Correctional Facility (SOCF). This matter is before the Court on plaintiff's motion to compel (Doc. 34), defendants' response in opposition to the motion and request to strike plaintiff's exhibits attached to the motion (Doc. 37) and plaintiff's replies (Docs. 40, 41); plaintiff's "Motion of Clarification" (Doc. 35); and defendants' motion to stay the dispositive motion deadline (Doc. 44).

In his motion to compel filed on May 8, 2017, plaintiff alleges that personnel at SOCF and the Ohio Department of Rehabilitation and Correction (ODRC) are not cooperating with defendants' counsel and have refused to turn over documentation and video footage related to the incidents giving rise to the complaint. (Doc. 34). Plaintiff contends that the evidence he has not been provided consists of Daily Activity Sheets, a porter list, audio and video recordings and use of force reports, other video and DVR footage, information regarding his cell locations and dates, and the first and last names of correctional officers who worked on the J-2 unit from April 10 through April 17, 2014. Plaintiff alleges that he has "made a second request to counsel" but has "not heard back yet." (*Id*. at 3). Plaintiff seeks an order compelling full compliance with

his discovery requests. Plaintiff has attached a copy of the Court's screening Order and Report and Recommendation (Doc. 5) to the motion to compel, a discovery request dated April 5, 2017, a copy of a letter to defendants' counsel from that same date regarding plaintiff's discovery requests, and a copy of an ODRC Use of Force policy referenced in the letter. (Docs. 34-1, 34-2, 34-3).

In his "Motion of Clarification" filed on May 18, 2017, plaintiff asserts that defense counsel has attempted to provide full discovery but the State of Ohio, and specifically personnel at the ODRC, have not been cooperative. (Doc. 35). Plaintiff alleges that defense counsel was able to provide some discovery after further efforts, but plaintiff still has not been provided with the following information: his cell location from April 10, 2014 through April 18, 2014; the porter roster and "current locations"; the first names of correctional officers in J-2; all DVD recordings and videos; disciplinary files of all defendant officers; prior federal case history, if any, for all named defendants; Investigator Miller's video and audio recordings, notes and reports; and use of force audio and video recordings and reports. (Doc. 35). Plaintiff has attached to the motion information he has apparently compiled from discovery that has been provided to him. (*Id.*).

Defendants oppose plaintiff's motion to compel. (Doc. 37). Defendants allege that plaintiff has not included with his motion a certification that he attempted to resolve this discovery dispute without Court involvement as required by the Federal and Local Rules. Defendants further allege that the motion is moot. (*Id*. at 2-3). They state that plaintiff has been given an opportunity to view all video evidence that defendants have obtained in response to his discovery requests. (*Id*., citing Affidavit of Linda Hill, Paralegal, Ohio Attorney General's Office, ¶¶ 7, 8). Defendants further state that plaintiff has been given the applicable

Use of Force report, Daily Activity Sheets, the first names and schedules of ODRC employees, and his history of cell assignments. (*Id*. at 3, citing Hill Affidavit, ¶¶ 9, 11-12). Defendants allege that ODRC is not in possession of the porter list and other video evidence requested by plaintiff and this information therefore cannot be provided to him. (*Id*., ¶ 8, 10).

In reply, plaintiff outlines the extrajudicial efforts he has made to resolve his discovery disputes with defendants. (Docs. 40, 41). Plaintiff alleges he sent several letters, filed motions, and had a telephone conversation about outstanding discovery. Plaintiff alleges that ODRC policies mandate that certain reports and information be preserved. (Doc. 40). Plaintiff alleges that because this information must be preserved, representations by defendants that the discovery he seeks no longer exists are false. Plaintiff claims that the material in his possession was initially intentionally withheld from him and that the remaining information he seeks continues to be intentionally withheld. (*Id*.). Plaintiff renews his request for the appointment of counsel. In his second reply, plaintiff states that defendants have sent him two DVDs, seven photos, and three separate batches of requested information, including the full names of all defendants. (Doc. 41).

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, [or] production" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). Rule 37 requires that motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "must include a certification that the movant has in good faith conferred or attempted to

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ." Thus, both the Federal Rules of Civil Procedure and the Local Rules of this Court require "counsel to meet and confer to resolve differences as to discovery disputes." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010) (citing Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1).

Initially, the Court will deny defendants' request to strike exhibits from plaintiff's motion to compel pursuant to Fed. R. Civ. P. 12(f). (Doc. 37 at 3, citing Doc. 34 at PAGEID#: 309-320). Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion made by a party either before responding to the pleading or within days after being served with the pleading if a response to the pleading is not allowed. Fed. R. Civ. P. 12(f). Rule 12(f) does not authorize the Court to strike exhibits from a motion to compel.

The Court will also deny plaintiff's motion for an order compelling defendants to respond to his discovery requests under Fed. R. Civ. P. 37. Plaintiff has sufficiently complied with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court by showing he conferred with defendants' counsel and attempted to resolve this discovery dispute without the Court's intervention before filing his motion to compel. However, plaintiff's allegations that defendants have refused to comply with his discovery requests are not substantiated by the record. Defendants state they have sought the requested documentation,

4

information, and video recordings from staff at ODRC, OSP, SOCF, the Ohio State Highway Patrol investigation unit, and the Office of the Scioto County, Ohio Prosecutor – Criminal Division. (Doc. 37 at 2-3; Doc. 37-1, Hill Affidavit, ¶¶ 6-8). Defendants state that plaintiff has been provided with all available discovery and they have been informed there is no additional information requested by plaintiff in the possession of these agencies. (Doc. 37 at 3; Doc. 37-1, Hill Affidavit, ¶¶ 7-13). Plaintiff has not submitted any evidence that calls into question the veracity of defendants' statements, and he acknowledges that defendants have produced certain information he has requested. (Docs. 40, 41). The Court will therefore deny plaintiff's motion to compel. Plaintiff's renewed request for the appointment of counsel is denied for the reasons stated in the Court's Order denying plaintiff's previous motion for appointment of counsel. (*See* Doc. 12).

Defendants have filed a motion to stay the dispositive motion deadline in light of plaintiff's filing of an amended complaint that names additional defendants on May 18, 2017. (Doc. 44). The Court will not stay the deadline but instead will extend the discovery and dispositive motion deadlines.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to compel (Doc. 34) and "Motion of Clarification" (Doc. 35) are **DENIED**.

2. Defendants' motion to stay the dispositive motion deadline (Doc. 44) is **DENIED**.

3. The discovery deadline is extended to **December 8, 2017** and the dispositive motion deadline is extended to **January 8, 2018**.

Date: 9/8/2017                                             *s/Karen L. Litkovitz*
                                                           Karen L. Litkovitz
                                                           United States Magistrate Judge