UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. MOORE,
    Plaintiff,

vs.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:16-cv-655
Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Ohio State Penitentiary (OSP) who is proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging a violation of his civil rights during his incarceration at the Southern Ohio Correctional Facility (SOCF). This matter is before the Court on (1) plaintiff's motion for reconsideration of two prior Court Orders (Doc. 51) and defendants' response in opposition to the motion (Doc. 56), and (2) a motion to stay discovery filed by several defendants (Doc. 55), which is unopposed.

**I. Motion for reconsideration**

Plaintiff asks the Court to reconsider its Orders denying his motion for a telephone conference which he filed on December 19, 2016 (Doc. 22), and his motion to compel which he filed on May 8, 2017 (Doc. 34). The Court denied plaintiff's motion for a telephone conference on January 30, 2017, finding that a conference was not needed to keep the case on track. (Doc. 26). The Court denied plaintiff's motion to compel on September 8, 2017 on the ground the record did not substantiate his allegations that defendants had refused to comply with his discovery requests. (Doc. 47). In that Order, the Court extended the discovery deadline to December 8, 2017 and the dispositive motion deadline to January 8, 2018.

In support of his motion for reconsideration, plaintiff alleges that documents and video recordings he has requested in discovery necessarily exist because Ohio Department of Rehabilitation and Correction (ODRC) policies require that such materials be created and preserved as evidence. Plaintiff argues that defendants have acted in bad faith by refusing to provide the requested discovery. Plaintiff asks the Court to schedule a telephone conference to discuss defendants' failure to produce DVRs for hallways and the J2 lobby; reports filed by investigator Miller and all notes, photos and other evidence he gathered; "Use of Force" hearing video and audio tapes, notes, statements, and dispositions; all named defendants' disciplinary files and a list of all lawsuits filed against them; the interrogatory responses of defendant Morgan and all named defendants; and the scheduling of a trial date. Plaintiff has attached to his motion correspondence he and defendants' counsel have exchanged regarding discovery and copies of several defendants' responses to his interrogatories.

Defendants oppose plaintiff's motion for reconsideration. (Doc. 56). They allege that the motion rehashes arguments plaintiff has previously made and which the Court has addressed. Defendants argue that plaintiff continues to request materials they do not have in their possession. Defendants represent that they have provided approximately 150 pages of discovery to plaintiff free of charge, which is in addition to their interrogatory responses.

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) a need to correct a clear error or prevent manifest injustice. *Entm't Prods., Inc. v. Shelby Cnty.*, 721 F.3d 729, 742 (6th Cir. 2013); *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L P.*, 590 F.3d 381, 389 (6th Cir. 2009). Plaintiff has not established any one of these grounds for

reconsideration of the Court's prior Orders. Instead, plaintiff has simply reargued the issues that he presented in his prior motions. Plaintiff has not presented new evidence to show defendants have improperly withheld documents, video/audio recordings, or other evidence that he is entitled to discover. The Court will therefore deny plaintiff's motion for reconsideration.

**II. Motion to stay discovery**

Defendants John McCoy, Shawn Richardson, M. Barney, E. Faye, J. Thornhill, V. Lasswell, M. Rowland, C. Scott, C. Shaw, M. Miller, S. Hale, A. Cooper and B. Crabtree, T. Uhria, Justin Lutz[1] (the "new defendants") move the Court to stay all discovery in this action related to plaintiff's amended complaint until these defendants' motion to dismiss the amended complaint is decided by the Court. (Doc. 55). They argue that a stay should be granted as to the claims against them because (1) they raise a qualified immunity defense in their motion to dismiss, (2) plaintiff does not allege that any one of them had personal involvement in the claims giving rise to the lawsuit, and (3) the amended complaint is an unauthorized "buckshot" complaint that violates Fed. R. Civ. P. 20(a)(2) (permissive joinder of parties). The new defendants argue that a trial court must stay discovery until a decision is rendered on a potentially dispositive motion whenever the issue of qualified immunity is before the Court. (*Id.* at 3, citing *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, *3 (S.D. Ohio Oct. 9, 2014)). They also argue that a stay will foreclose the need to provide the last known addresses of former ODRC employees to plaintiff.

---

[1] Defendant Lutz identifies himself as "Lute" and defendant Uhria identifies himself as "Uhrig" in the defendants' motions.

The authorities the new defendants cite do not require a trial court to stay discovery pending the resolution of a potentially dispositive motion whenever the motion presents a qualified immunity defense. *See Pearson*, 555 U.S. at 231-32 (stating that qualified immunity is an immunity from suit that is "effectively lost if a case is erroneously permitted to go to trial" and that the issue must be resolved at the earliest stage of the litigation); *Mandali*, 2014 WL 5089423, *2 (stating that the "the trial court *should* stay discovery" while the issue of qualified immunity is before it) (emphasis added) (quoting *English v. Dyke,* 23 F.3d 1086, 1089 (6th Cir. 1994)). The Sixth Circuit has expressly found that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, *1 (S.D. Ohio Sept. 7, 2010) (Kemp, M.J.) ("A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court.") (citing *Chrysler Corp. v. Fedders Corp.* 643 F.2d 1229 (6th Cir. 1981)). In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Williams*, 2010 WL 3522397, *1. *See also Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10-cv-219, 2010 WL 3719245, *1 (S.D. Ohio Sept. 16, 2010) (Abel, M.J.) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, *1 (S.D. Ohio, March 4, 2008) (Kemp, M.J.)). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *Bowens*, 2010 WL 3719245, *2; *Ohio Bell Telephone Co.*, 2008 WL 641252, *2; *Williams*, 2010 WL 3522397, *2. However, a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit,

4

"which would be substantially vitiated absent a stay. . . ." *Williams*, 2010 WL 3522397, *2.

The discovery deadline in this case expired on December 8, 2017. Discovery should therefore be completed as to the claims raised against the parties identified in the original complaint. The Court finds that additional discovery is not appropriate as to the claims raised in the amended complaint against the 19 new defendants. The new defendants' motion to dismiss the amended complaint raises an issue - qualified immunity - which, if proven, is dispositive of plaintiff's claims against the new defendants and would be "substantially vitiated" if discovery were to proceed. *Id*. While a stay of discovery is not warranted whenever a qualified immunity defense is raised, there is a substantial likelihood here that the new defendants will succeed on their qualified immunity defense given that the amended complaint does not direct any specific allegations against a particular defendant. Thus, to require the new defendants to engage in discovery on the claims raised in the amended complaint would likely burden them with unnecessary trial preparation and costs, which the qualified immunity defense is meant to eliminate. See *Toms v. Taft*, 338 F.3d 519, 524 (6th Cir. 2003). The burden on the new defendants of undertaking discovery at this point outweighs any hardship that a delay in proceeding with discovery would impose on plaintiff. The Court will therefore exercise its discretion to stay any further discovery as to the claims against the new defendants pending resolution of their motion to dismiss the amended complaint.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's motion for reconsideration (Doc. 51) is **DENIED**.

(2) The new defendants' motion to stay discovery pending a decision on their motion to dismiss the amended complaint (Doc. 55) is **GRANTED**. Discovery will not proceed on the claims against the new defendants until the motion to dismiss the amended complaint is resolved.

Date: 12/8/17

Karen L. Litkovitz
United States Magistrate Judge