# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHN C. MOORE, III<br>Plaintiff, | Case No. 1:16-cv-655 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| DONALD MORGAN, et al.,<br>Defendants. | **REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Ohio State Penitentiary in Youngstown, Ohio, brings this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights when he was incarcerated at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. This matter is before the Court on the motion to dismiss of newly identified John Doe defendants McCoy, Richardson, Barney, Faye, Lasswell, Rowland, Scott, Miller, Uhrig, Hale, Cooper, Thornhill, Shaw, and Lute[1] (Doc. 45), plaintiff's memorandum in opposition (Doc. 48), and defendants' reply memorandum (Doc. 50).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

---

[1] Counsel for the newly identified John Doe defendants alleges he is waiting to receive the Request for Representation paperwork from defendants Hoover and Crabtree, which is a prerequisite for the Ohio Attorney General to enter an appearance on their behalf. *See* Ohio Rev. Code § 109.361. Counsel for defendants represents that the arguments contained in the motion to dismiss and reply thereto equally apply to defendants Hoover and Crabtree, and requests that the responsive pleading deadline for these unrepresented defendants be extended until the requisite paperwork is received.

(quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

On April 26, 2017, the Court ordered plaintiff to submit an amended complaint identifying how the 19 individuals he subsequently identified as the John Doe defendants[2] named in the original complaint directly participated in the alleged Eighth Amendment violations that allegedly occurred during plaintiff's confinement in segregation at SOCF from April 10 through 17, 2014. (Doc. 31). Plaintiff filed his amended complaint on May 18, 2017. (Doc. 36). The amended complaint and notice regarding John Doe defendants (Docs. 30, 36), liberally construed, allege that the newly named defendants worked on either the first or second shift at the SOCF segregation unit where plaintiff was housed on April 10, 2014 to April 17, 2014.

---

[2] John McCoy (#149); Justin Lutz; Shawn Richardson; Richard Osborn; M. Barney; E. Faye; D. Dean; V. Lasswell; J. Thornhill; D. Galloway; M. Rowland; C. Shaw (#625); B. Hoover; C. Scott; B. Crabtree (#338); M. Miller; T. Uhrig (#109); S. Hale; and Cooper (#625).

2

Plaintiff alleges that on April 10, 2014, he had an altercation with SOCF staff and was taken to J-2 segregation. He alleges he was then placed in a segregation cell with no drinking water; he was deprived of clothing, bedding, hygiene products, and writing utensils; and SOCF staff "refused to flush my toilet." (Doc. 36 at 6). Plaintiff alleges that from April 10, 2014 through April 17, 2014, "everyday on every shift: 1st and 2nd, I requested: c/o ____ on shift in J-2": to provide a shower, hygiene products, and water to drink because his water was shut off; to flush his toilet (which was inoperable); to supply him with pen, paper, kites, and grievance forms; to give him food (as they provided an empty Styrofoam tray only); and to allow him to see a supervisor; however, each newly named defendant denied his requests. (*Id.*).

Defendants seek to dismiss the amended complaint on the grounds that any official capacity claims are barred by the Eleventh Amendment; the complaint fails to state a claim for relief against the defendants because it fails to allege specifically how each defendant was personally involved in the alleged constitutional violations that occurred from April 10 to April 17, 2014; and plaintiff's amended complaint amounts to a "buckshot complaint" that is prohibited by Fed. R. Civ. P. 20. (Doc. 45). In response, plaintiff alleges he is suing the defendants solely in their individual capacities and, therefore, the Eleventh Amendment has no applicability here. Plaintiff also alleges his amended complaint satisfies the pleading requirements for pro se plaintiffs and sufficiently alleges how each defendant violated his civil rights. (Doc. 48).

Defendants' motion to dismiss should be denied. First, plaintiff has clarified that he names these defendants in their individual capacity only. (Doc. 48 at 7). Therefore, the Eleventh Amendment, which bars a federal action against a State or state officials in their official capacity,

3

does not present a bar to plaintiff's amended complaint. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Quern v. Jordan*, 440 U.S. 332, 337 (1979).

Plaintiff's amended complaint also states a plausible claim for relief against each newly named John Doe defendant. Plaintiff's amended complaint, construed liberally, alleges that *each* of the named defendants, while acting as a correctional officer on his/her respective shifts in J-2 segregation from April 10, 2014 to April 17, 2014, was informed by plaintiff that he needed a shower; hygiene products; water to drink as the water in his cell was shut off; the ability to flush his toilet; pen, paper, kites, and grievance forms; food; and to see a supervisor. The amended complaint also alleges that each named defendant denied plaintiff's requests for these items. For purposes of the motion to dismiss, the Court must accept as true plaintiff's factual allegations that each of the newly named defendants was notified of plaintiff's request for the above listed items on each of the seven days he was held in segregation and that each newly named defendant denied plaintiff's requests. Holding plaintiff's amended complaint to less stringent standards than formal pleadings drafted by lawyers, the amended complaint alleges the deprivation of food, water, and sanitation for a seven day period and plausibly states a claim for relief under the Eighth Amendment against the newly named defendants. *See Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010)( "In the context of 'conditions of confinement' cases, the Eighth Amendment is concerned only with 'deprivations of essential food, medical care or sanitation' or 'other conditions intolerable for prison.'") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The amended complaint gives the newly named defendants fair notice of plaintiff's claims against them and the grounds upon which they rest. *Erickson*, 551 U.S. at 93.

Finally, plaintiff's amended complaint does not constitute a "buckshot complaint" that is prohibited by Fed. R. Civ. P. 20. (Doc. 45). In contrast to the case cited by defendants where the prisoner plaintiff filed 50 different claims in an effort to avoid the "three strike" provision of the Prison Litigation Reform Act[3], here plaintiff alleges two claims that are temporally and transactionally related. Plaintiff alleges that on April 10, 2014, he was assaulted by prison officials and then placed in a segregation cell, where he was deprived of basic human essentials for a period of seven days. Whether the defendants were deliberately indifferent to plaintiff's needs while he was in the segregation cell may be related to the previous altercation with prison staff[4], so that plaintiff's deliberate indifference claim should logically be determined in the same lawsuit as his excessive force claim. The joinder provisions of the Federal Rules are very liberal. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (footnote omitted). Resolution of both claims in the same suit will promote judicial economy and fairness. Defendants' request for dismissal on the basis of misjoinder should therefore be denied.

---

[3] *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

[4] Plaintiff's original complaint and attachments thereto indicate plaintiff was charged with assaulting SOCF staff on April 10, 2014 and transferred to the super-max prison at the Ohio State Penitentiary. (Doc. 3). In addition, plaintiff's original and amended complaints allege that when plaintiff complained to defendant Warden Morgan about the conditions of his confinement in the segregation cell, Morgan allegedly responded, "Your (sic) lucky you're not dead." (Doc. 3 at 8; Doc. 36 at 6).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss be **DENIED**.

2. Defendants' counsel be granted an extension of time until 20 days after any Order adopting this Report and Recommendation to file a responsive pleading on behalf of defendants Hoover and Crabtree.

Date: 1/12/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN C. MOORE, III
Plaintiff,

vs.

DONALD MORGAN, et al.,
Defendants.

Case No. 1:16-cv-655

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).