UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. MOORE,
Plaintiff,

vs.

DONALD MORGAN, et al.,
Defendants.

Case No. 1:16-cv-655
Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motion for discovery (Doc. 62), plaintiff's motion for clarification (Doc. 63), and defendants' motion for leave to file addresses under seal (Doc. 65).

In his motion for clarification, plaintiff requests the Court's "guidance with respect to discovery." (Doc. 63). Plaintiff asks the Court to "clarify to defense counsel his continued obligation for full discovery." (*Id*). Plaintiff seeks clarification in light of the Court's September 8, 2017 Order extending the discovery deadline and counsel's October 2, 2017 letter informing plaintiff that counsel considered defendants' response to plaintiff's outstanding discovery requests to be complete. (Doc. 63).

Plaintiff's motion for clarification is properly construed as a motion to compel discovery. Plaintiff's motion is deficient because he has not identified the specific information he has requested from defendants that has not been provided through discovery. Further, plaintiff has not shown that he complied with the Federal Rules of Civil Procedure and the Local Rules of this Court. The motion does not include a certification that plaintiff conferred with defendants' counsel about any outstanding discovery matters before filing his motion with the Court, and plaintiff does not state in the motion that he made extrajudicial efforts to resolve any disputed

discovery matters. *See* Fed. R. Civ. P. 37(a)(1) (a motion to compel discovery "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.") (emphasis added)); S.D. Ohio Civ. R. 37.1 (motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ."). Thus, plaintiff is not entitled to an order compelling defendants to provide discovery.

In his motion for discovery, plaintiff requests the current and/or last known addresses and additional information for the following individuals so that he can serve them: Dustin Dean, Donavon Galloway, Richard Osborne, Vance Lasswell, Joshua Justice and Metessa Bush. (Doc. 62). Defendants seek leave to file under seal the last known personal addresses on file for former Ohio Department of Rehabilitation and Correction (ODRC) employees Dean, Galloway, Osborne and Bush due to privacy and safety concerns. (Doc. 65). Defendants assert that plaintiff's request is moot as to Lasswell, who has been served (*see* Docs. 43, 45) and Justice, who is currently employed at Madison Correctional Institution and can be served there. (Doc. 65 at 2, n. 3, 4).

Defendants have shown good cause to file under seal the personal addresses of Dean, Galloway and Osborne, all former ODRC employees who have been named as defendants to this lawsuit. Plaintiff has not named Bush as a defendant, so an address need not be provided for this former ODRC employee. (*See* Docs. 3, 36). Plaintiff also has not named Justice as a defendant, so it is not necessary to serve him. (*Id.*). Plaintiff's request for address information is moot as to Lasswell since this defendant has already been served.

2

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff's motion for clarification (Doc. 63) is **DENIED**.

2) Plaintiff's motion for discovery of addresses (Doc. 62) is **GRANTED** in part to the extent plaintiff seeks the addresses of defendants Dean, Galloway and Osborne for purposes of serving these individuals. Defendants' motion to file the addresses under seal (Doc. 65) is **GRANTED**. The Office of the Ohio Attorney General shall file under seal the last known home addresses of defendants Dean, Galloway, and Osborne by March 12, 2017.

4) The United States Marshal Service shall serve a copy of the summons, original and amended complaints (Docs. 3 and 36), summons form, and this Order on defendants Dean, Galloway and Osborne via certified mail-return receipt requested, at the addresses provided by the Ohio Attorney General's Office, and each Return of Service shall be filed under seal. At no time shall the addresses be disclosed to anyone other than Court personnel and the United States Marshal Service, and this information shall not become a matter of public record.

Date: 2/26/18

Karen L. Litkovitz
United States Magistrate Judge