UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. MOORE,
    Plaintiff,

vs.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:16-cv-655
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Ohio State Penitentiary in Youngstown, Ohio, brings this pro se action under 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his civil rights when he was incarcerated at Southern Ohio Correctional Facility (SOCF). This matter is before the Court on plaintiff's motion to compel discovery, depositions, and communication with defense counsel filed on June 28, 2018 (Doc. 75) and defendants' response (Doc. 80), and on plaintiff's motion to appoint counsel (Doc. 79).

**I. Motion to compel**

    **A. Address information**

In his motion to compel, plaintiff seeks "preverified" current addresses for defendants Donald Morgan, Dustin Dean, Donovan Galloway and Richard Osborne. (Doc. 75). Plaintiff alleges that the previous address information the Ohio Attorney General (OAG) gave him was incorrect, and as a result none of these defendants has been served to date.

The Court reserved ruling on plaintiff's motion to compel and denied plaintiff's request for additional address information by Order dated August 28, 2018. (Doc. 77). The Court found that plaintiff had not completed service on defendant Morgan, who was no longer assigned to SOCF, and that the OAG had complied with its obligations under the Court's prior Orders by filing the last known home addresses of defendants Dean, Galloway and Osborne with the Court

under seal. Because plaintiff had not been able to complete service within 90 days after the complaints naming these individuals as defendants were filed, the Court notified plaintiff that it proposed to dismiss the action against defendants Morgan, Dean, Galloway and Osborne without prejudice for failure of service unless plaintiff could show cause why his claims against them should not be dismissed.

Plaintiff filed a response to the Order to show cause on September 10, 2018. (Doc. 78). Plaintiff asks that the Court not dismiss his complaint against the unserved defendants. Plaintiff argues that the OAG should be compelled to provide contact information for the unserved defendants. Plaintiff alleges that the OAG has shown "disdain" for the law by failing to provide correct addresses for these defendants and that the OAG should be able to find their addresses through some means, such as by reviewing tax records. Plaintiff alleges he is at a serious disadvantage because he is in solitary confinement and his access to legal resources is limited.

Plaintiff has not shown good cause for why the complaint against defendants Dean, Galloway and Osborne should not be dismissed for failure of service. Plaintiff failed to serve these defendants within 90 days after he filed the complaints naming them as defendants. There is no indication in the record that the OAG knowingly failed to provide current addresses for these defendants. In a case such as this where good cause justifying a failure to timely serve the complaint is lacking, the Court shall either dismiss the complaint without prejudice, or direct that service of process be made within a specified time. *Greene v. Venatter*, No. 2:13-cv-00345, 2014 WL 559154, *2 (S.D. Ohio February 11, 2014). Plaintiff's claims against the unserved

defendants should be dismissed without prejudice under Fed. R. Civ. P. 4(m).[1]

Plaintiff also has not shown good cause for his failure to serve defendant Morgan. As stated in the Order to show cause, summons were originally issued for Morgan on June 27, 2016 (Doc. 6) and were returned unexecuted on August 15, 2016 (Doc. 13). (Doc. 77). Plaintiff resubmitted summons and United States Marshal forms for Morgan, who he identified as the Warden of Pickaway Correctional Institution, on May 8, 2017. (5/8/2017 docket entry). Service was not ordered and plaintiff submitted updated summons and Marshal forms for defendant Morgan on April 16, 2018. (Doc. 73). However, plaintiff did not provide an address for Morgan, summons were not issued, and service has not been executed on Morgan to date. Plaintiff alleges that Morgan is currently an employee of the State of Ohio, but he has not provided a new address for Morgan. (Doc. 78 at 2). Because plaintiff has not been able to complete service on Morgan within the two plus years that have passed since plaintiff filed the complaint against Morgan, the complaint should be dismissed without prejudice as to Morgan under Fed. R. Civ. P. 4(m).

### B. Request to take depositions

Plaintiff moves to schedule the depositions of seven individuals and complete discovery of documents, photos, reports, and video recordings. (Doc. 75). Plaintiff alleges the individuals he seeks to depose will "narrow down facts and resolve inquires [sic] concerning: Discovery, Protocol and Responsibilities of ODRC employees." (*Id*. at 2).

---

[1] Rule 4(m) states in part: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Defendants filed a response to the motion to compel on September 11, 2018. (Doc. 80). Defendants object to plaintiff's request to take oral depositions under Fed. R. Civ. P. 30(a). Defendants argue that good cause does not exist for plaintiff to depose the seven individuals he has identified. They allege that plaintiff, who is proceeding *in forma pauperis*, is unable to pay the costs of a court reporter, and he can obtain the information he seeks through less costly means such as interrogatories and requests for admission.

"Prison officials retain some discretion as to whether to permit an incarcerated litigant to personally appear to take a deposition, taking into consideration factors such as cost, inconvenience, danger, and the disruption to the correctional operations." *Whiteside v. Thalheimer*, No. 1:13-cv-408, 2015 WL 2376001, *2 (S.D. Ohio May 18, 2015) (quoting *Dearing v. Mahalma*, No. 1:11-cv-204, 2012 WL 524438, *2 (S.D. Ohio Feb 16, 2012) (in turn citing *Holt v. Pitts*, 619 F.2d 558, 560-61 (6th Cir. 1980) (holding that an incarcerated litigant bringing a civil action under 42 U.S.C. § 1983 has "no right to be personally present at any stage of the judicial proceedings.")); *see also In re Wilkinson*, 137 F.3d 911, 916 (6th Cir. 1998) (holding that prisoner-litigant had failed to demonstrate any "specialized need for an exception . . . to the general rule of non-attendance."). On the other hand, a plaintiff has the right to depose defendants and to conduct the discovery necessary to prosecute his case. "[I]f [d]efendants object to an in-person deposition, [d]efendants must permit alternate means for [p]laintiff to obtain equivalent discovery." *Dearing*, 2012 WL 524438, at *2. For example, plaintiff may obtain the discovery he seeks by deposing defendants by written questions under Fed. R. Civ. P. 31. *See Bell v. Godinez*, No. 92-cv-8447, 1995 WL 519970, *2 (N.D. Ill. Aug. 30, 1995) (though a prisoner has the right to take discovery, "that right does not necessarily include

conducting oral depositions of prison officials if there are compelling reasons weighing against such depositions and if the prisoner is able to obtain the necessary information by written discovery."). Further, plaintiff may seek to conduct alternative discovery on defendants through interrogatories, requests for admission, and requests for document production as permitted by Fed. R. Civ. P. 33, 34, and 36.

The costs and inconvenience of deposing seven individuals weighs against granting plaintiff's request to take oral depositions. It appears unlikely that plaintiff will be able to pay the costs to record the seven depositions by "audio, audiovisual, or stenographic means" as is his burden under Fed. R. Civ. P. 30(b)(3)(A). Further, plaintiff has not indicated what specific information regarding his claims he expects to gain from oral depositions that he cannot obtain through written discovery. In addition, it is probable that plaintiff may obtain the information he seeks through these less burdensome and less costly discovery methods. *See McKeithan v. Jones*, 212 F. App'x 129, 131 (3d Cir. 2007) (holding that district court did not abuse its discretion in denying prisoner's "unorthodox request for deposition upon oral examination of prison officials" when prisoner "ha[d] not presented any argument . . . to suggest that written depositions would not have been sufficient for his purposes in this case"). Thus, the Court will deny plaintiff's motion to conduct in-person depositions of these seven individuals. Plaintiff, however, may serve written depositions to obtain the information he seeks.

### C. Pending discovery requests

The Court reserved ruling on plaintiff's motion to compel pending a response to the motion by defendants. (Doc. 77). Defendants responded that they do not object to plaintiff's discovery requests aside from the oral depositions. (Doc. 80). Defendants acknowledged that

5

they had not yet responded to plaintiff's discovery requests due to administrative error and internal miscommunication, but they asserted they were in the process of preparing responses which they would provide to plaintiff as soon as possible. Defendants also stated they do not oppose an extension of the discovery and dispositive motion deadlines so that plaintiff has adequate time to review the discovery responses and submit additional requests. Accordingly, the Court will order defendants to respond to plaintiff's discovery requests by a specified date and extend the discovery deadline to allow plaintiff an opportunity to submit additional discovery requests as warranted.

### D. Correction of defendants' names

The Court ordered the parties to clarify the spelling of the names of two defendants who plaintiff has previously identified as "Justin Lutz" and "T. Uhria." (Doc. 72). Defendants have confirmed that these defendants are "Justin Lute" and "Tyler Uhrig." (Doc. 80). The Court will direct the Clerk to modify the docket sheet to reflect the correct spelling of these defendants' names.

## II. Motion to appoint counsel

Plaintiff moves the Court to appoint counsel for him in this matter. (Doc. 79). Plaintiff alleges he is housed in solitary confinement, which severely hampers his access to legal resources and his ability to litigate his case. Plaintiff contends he needs the assistance of an attorney to investigate the facts, contact necessary parties, locate witnesses, effectively cross-examine witnesses at depositions, and litigate the complex issues presented by this case.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604 05 (6th Cir. 1993), nor has Congress provided

funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. This case does not present exceptional circumstances that would warrant appointing counsel for plaintiff prior to the case proceeding to trial.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to compel (Doc. 75) is **DENIED**. Defendants shall submit their responses to plaintiff's pending discovery requests by **October 22, 2018**. The discovery deadline is extended to **November 21, 2018**. The dispositive motion deadline is extended to **December 21, 2018**.
2. The Clerk is **DIRECTED** to modify the docket sheet to reflect the correct spelling of the names of defendants Justin Lute and Tyler Uhrig.
3. Plaintiff's motion for appointment of counsel (Doc. 79) is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint against defendants Morgan, Dean, Galloway and Osborne be **DISMISSED** without prejudice for failure of service.

Date: 10/11/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. MOORE,
    Plaintiff,

vs.

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:16-cv-655
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).